IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., PHARMACIA & UPJOHN )
COMPANY, PHARMACIA & UPJOHN )
COMPANY LLC, SUGEN, INC., C.P. )
PHARMACEUTICALS INTERNATIONAL )
C.V., PFIZER PHARMACEUTICALS LLC, )
and PF PRISM C.V. )
)  C.A. No. 10-528 (GMS)
Plaintiffs, )
)
v. )
)
MYLAN PHARMACEUTICALS INC., )
)
Defendant. )

## DEFENDANT'S MOTION TO STRIKE DEMONSTRATIVE EXHIBITS AND CITATIONS THERETO IN PLAINTIFFS' POST-TRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

OF COUNSEL:

Douglas H. Carsten
Josh A. Mack
Katherine J. Van Gunst
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

Robert A. Delafield II
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
(512) 338-5400

Dated: February 15, 2013

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON &CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Mylan Pharmaceuticals, Inc.*

Defendant Mylan Pharmaceuticals Inc. ("Mylan") moves to strike demonstratives that were used at trial but not admitted into evidence from Plaintiffs Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn Co. LLC, Sugen, Inc., C.P. Pharmaceuticals International C.V., Pfizer Pharmaceuticals LLC, and PF Prism C.V.'s Post-Trial Proposed Findings of Fact and Conclusions of Law ("Post-Trial Brief") (D.I. 153 & D.I. 155), specifically Exhibit B (D.I. 153-2 & D.I. 155 Ex. B); Exhibit C (D.I. 153-3 & D.I. 155 Ex. C); Exhibit D (D.I. 153-4 & D.I. 155 Ex. D); and all citations to these exhibits in Pfizer's Post-Trial Brief (D.I. 153, at ¶¶ 7, 24, 30, 31, 32, 33, 34, 38, 42, 52, 59; and D.I. 155, at same locations). After a meet and confer teleconference during which Mylan requested that Plaintiffs remove these citations and demonstratives from their Post-Trial Brief, Plaintiffs filed with the Court a Notice Regarding Plaintiffs' Post-Trial Filing, admitting that Exhibits B, C, and D were never admitted into evidence and "are not intended to be relied upon by the Court as substantive evidence." (D.I. 158). Because this Notice does not remedy the prejudice Mylan will incur if the demonstratives and citations remain a part of the record, and the parties have been unable to reach resolution on this issue, Mylan files the instant motion.

## I.   INTRODUCTION

The Court held a bench trial in this matter from November 26 through 29, 2013. At the close of trial, the Court ordered simultaneous submission of proposed findings of fact and conclusions of law limited to 40 pages. (Trial Tr. at 1023:11-15, 1024:5). In conjunction with their respective post-trial submissions, the parties submitted a Joint Appendix containing a list of exhibits that were admitted as evidence at trial. (D.I. 154). Plaintiffs used Exhibits B, C, and D as demonstrative aids at trial, but these items were not admitted into the evidentiary record at trial and are not included in the Joint Appendix.

## II.   ARGUMENT

The Court should strike Plaintiffs' Exhibits B, C, and D to their Post-Trial Brief, and all citations to these exhibits in their Post-Trial Brief. It is black letter law that demonstrative aids used at trial are not evidence. *See IPPV Enters., LLC v. Echostar Comms. Corp.*, 191 F. Supp. 2d 530, 565 (D. Del. 2002); *GNB Battery Techs., Inc. v. Exide Corp.*, 876 F. Supp. 582, 604 (D. Del. 1995) ("Such aids are not themselves evidence and, absent the consent of all parties, should not be sent to the jury room. They are more akin to argument than evidence." (internal citations and quotation marks omitted)). All parties clearly recognized that demonstratives were not evidence because each party successfully requested during trial that the Court admit certain specific demonstratives into evidence. *See* PTX-640 (Trial Tr. at 780:6-12); PTX-641 (Trial Tr. at 307:5-12); DTX-1019 (Trial Tr. at 600:21-601:7, 630:16-17); DTX-1020 (Trial Tr. at 933:5-17); DTX-1021 (Trial Tr. at 77:8-18). However, Pfizer never requested to admit, and the Court did not admit, the particular demonstrative aids Pfizer now submits as Exhibits B, C, and D. Nor could they, because Exhibits B, C, and D are inadmissible hearsay not subject to any exception. *See* Fed. R. Evid. 801 *et seq.* The parties also never agreed in advance that demonstrative aids would be admitted as evidence. Perhaps most importantly, the parties collaborated to create the Joint Appendix, which is supposed to represent the entirety of the admitted evidence the parties are relying on in their Post-Trial Briefs. Plaintiffs never asked to add Exhibits B, C, and D to the Joint Appendix, presumably because they knew these items were never admitted into evidence. With their Notice (D.I. 158), Plaintiffs acknowledge that they knowingly cited to material not admitted as evidence in their Post-Trial Brief.[1]

---

[1] Notably, Plaintiffs' proposed finding of fact ¶ 52 does not cite to *any* admitted evidence, only to a demonstrative.

Although the same concerns that one would have in sending demonstrative aids back to the jury room may not apply in a bench trial, Plaintiffs' improper inclusion of Exhibits B, C, and D is nonetheless highly prejudicial to Mylan. First, Plaintiffs' post-trial effort to supplement the record with what essentially amounts to attorney argument, *GNB Battery Techs., Inc.*, 876 F. Supp. at 604, is a transparent attempt to extend its Brief beyond the 40-page limit imposed by the Court. (Trial Tr. at 1024:5).[2] Second, even with the Court not relying on these demonstratives as substantive evidence in reaching its decision, they will remain a part of the record if an appeal were filed. *See* Fed. R. App. Proc. 10(a). This Court should not allow Plaintiffs to bypass the rules of evidence and supplement the trial record in this improper manner. Instead, the Court should strike these exhibits and references thereto in Pfizer's Post-Trial Brief. *See TruePosition Inc. v. Andrew Corp.*, C.A. No. 05-747-SLR, 2008 WL 205305, at *2 (D. Del. Jan. 23, 2008) (granting motion to strike non-admitted exhibits and references thereto included with party's post-trial briefing).

## III.   CONCLUSION

For the foregoing reasons, Mylan respectfully requests that the Court strike Exhibits B (D.I. 153-2 & D.I. 155 Ex. B), C (D.I. 153-3 & D.I. 155 Ex. C), and D (D.I. 153-4 & D.I. 155 Ex. D), and all citations thereto from Pfizer's Post-Trial Brief, (D.I. 153, at ¶¶ 7, 24, 30, 31, 32, 33, 34, 38, 42, 52, 59; and D.I. 155, at same locations).

---

[2] In fact, at the close of trial, the Court expressly denied Plaintiffs' request for a 50-page limit. (Trial Tr. at 1023:24-1024:1). Instead, Plaintiffs submitted exactly 10 pages of demonstratives with their Post-Trial Brief.

POTTER ANDERSON &CORROON LLP

OF COUNSEL:

Douglas H. Carsten
Josh A. Mack
Katherine J. Van Gunst
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

Robert A. Delafield II
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
(512) 338-5400

Dated:  February 15, 2013
1094755

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant*
*Mylan Pharmaceuticals, Inc.*

-4-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on February 15, 2013 the within document

was filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorneys of record that the document has been filed and is available for viewing and

downloading.

I further certify that on February 15, 2013, the within document was electronically

mailed to the following persons:

Jack B. Blumenfeld, Esq.
Maryellen Noreika, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com

Gerson A. Zweifach, Esq.
Thomas H. L. Selby, Esq.
Stanley E. Fisher, Esq.
Scott K. Dasovich, Esq.
Sarah F. Teich, Esq.
Jessamyn S. Berniker, Esq.
Jessica M. Stoll, Esq.
William E. McDaniels, Esq.
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
gzweifach@wc.com; tselby@wc.com
sfisher@wc.com; steich@wc.com
jstoll@wc.com; sdasovich@wc.com
wmcdaniels@wc.com; jberniker@wc.com

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

977498