**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA & UPJOHN COMPANY LLC, SUGEN, INC., C.P. PHARMACEUTICALS INTERNATIONAL C.V., PFIZER PHARMACEUTICALS LLC, and PF PRISM C.V.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 10-528 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DEMONSTRATIVE EXHIBITS AND CITATIONS THERETO IN PLAINTIFFS' POST-TRIAL PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Mylan moves to strike a handful of demonstrative exhibits appended to Plaintiffs' Post-Trial Brief as Exhibits B, C, and D and citations thereto. Each of these demonstratives was used by Plaintiffs' witnesses at trial—without objection—and merely offers a visual depiction of complex information explained by those witnesses. They are not offered as evidence, and their inclusion is neither unusual nor objectionable. Mylan's motion should be denied.

There is no dispute that the demonstratives themselves are not in evidence. And that, of course, is why they were not included in the Joint Appendix. For the avoidance of any doubt, however, and in an effort to allay Mylan's concern, Plaintiffs submitted a paper expressly clarifying that they "were included for demonstrative purposes only for the convenience of the Court and are not intended to be relied upon by the Court as substantive evidence." *See* D.I. 158.

But it is equally clear that in a bench trial courts may consider useful aids in the form of demonstrative exhibits, whether or not they are admitted as evidence. It is quite common for

parties to cite demonstrative exhibits in their post-trial filings and proper for a court to consider them as illustrative aids. In *Allergan, Inc. v. Barr Laboratories, Inc.*, 808 F. Supp. 2d 715 (D. Del. 2011), the court cited a diagram of the general anatomy of the eye in its opinion, even though the demonstrative had been cited in post-trial papers but had not been admitted as an exhibit. *Id.* at 718 n.8. In *Maiocco v. Greenway Capital Corp.*, 1998 WL 48557 (E.D. Pa. Feb. 2, 1998), the court explained that it was proper that arbitrators had considered certain demonstrative exhibits "as an aid to better follow the oral testimony" even though they had not been admitted into evidence, explaining that "[t]here simply is nothing wrong with this procedure." *Id.* at *9.

Mylan does not cite a single case that stands for the proposition that in its post-trial filings a party may not refer to the very same demonstrative exhibits used at trial. Nor does it cite a case holding that a court in a bench trial in that circumstance cannot consider such demonstrative exhibits for what they are—visual aids. Instead, Mylan cites two cases regarding whether such exhibits would be sent to a jury room, noting, however, that "the same concerns that one would have in sending demonstrative aids back to the jury room may not apply in a bench trial." D.I. 159 at 3. The third case Mylan cites, *TruePosition Inc. v. Andrew Corp.*, 2008 WL 205305 (D. Del. Jan. 23, 2008), rejected a party's effort to introduce *entirely new documentary evidence* (and not even demonstratives) in its post-trial briefing. *Id.* at *2, n.4. This is inapplicable; the demonstratives here are precisely those used during trial and directly reflect evidence adduced at trial.

For each of these reasons, Plaintiffs respectfully request that the Court deny Mylan's Motion.

2

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | */s/ Maryellen Noreika* |
|  | Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>mnoreika@mnat.com |
| OF COUNSEL: | *Attorneys for Plaintiffs* |
| William E. McDaniels<br>Thomas H. L. Selby<br>Jessamyn S. Berniker<br>Stanley E. Fisher<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, N.W.<br>Washington, DC 20005<br>(202) 434-5000 |  |
| February 21, 2013 |  |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 21, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>Jonathan A. Choa, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>1313 North Market Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| T.O. Kong, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>One Market Street<br>Spear Tower, Suite 3300<br>San Francisco, CA  94105-1126 | *VIA ELECTRONIC MAIL* |
| Josh A. Mack, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>12235 El Camino Real<br>Suite 200<br>San Diego, CA  92130 | *VIA ELECTRONIC MAIL* |
| Kirin K. Gill, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>650 Page Mill Road<br>Palo Alto, CA 94304 | *VIA ELECTRONIC MAIL* |
| Robert A. Delafield, Esquire<br>WILSON SONSINI GOODRICH & ROSATI<br>900 South Capital of Texas Highway<br>Fifth Floor<br>Austin, TX  78746 | *VIA ELECTRONIC MAIL* |

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)